## ARAD ALEXANDER *vs.* ANDREW G. CAREW.

If a bill of exceptions does not assume to give all the evidence which was introduced at the trial, but mentions the omission of any evidence upon a certain point, and states that upon this evidence the defendant asked for a ruling that the action could not be maintained, which was refused, and a verdict was returned for the plaintiff, the only question open in this court, on the exceptions, is whether evidence upon the point referred to was essential to the maintenance of the action.

Occupation of land by a tenant at will is not such a disseisin or adverse occupation as requires an actual entry by the owner in order to make a valid conveyance or lease thereof, or an entry by the grantee or lessee before commencing a process under Gen. Sts. *c.* 137, to recover possession thereof.

ACTION under Gen. Sts. *c.* 137, commenced October 24th 1865, to recover possession of a tenement in Worcester.

At the trial in the superior court, before *Morton,* J., it appeared that the defendant was originally tenant at will of the premises under the owner, who on the 1st of September 1865 executed a written lease of the same to Lewis Thayer, and Thayer, with the owner's consent, on the 7th of October 1865 executed a written lease of the same for one year to the plaintiff. On the 13th of the same October, the plaintiff served a written notice to quit upon the defendant, (who nevertheless remained in possession,) and showed to him the lease from Thayer to himself. It did not appear in evidence that Thayer or the plaintiff had ever made any entry upon or been in possession of the premises. Upon this evidence, the defendant asked the court to rule that the action could not be maintained; but the judge ruled otherwise.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. F. Hoar & G. F. Verry,* for the defendant. The alienation by the owner of the premises to Thayer was not made known to the defendant; but, in order to entitle the plaintiff to maintain this action, it was necessary to prove this fact. *Pratt v. Farrar,* 10 Allen, 519. *Mizner* v. *Monroe,* 10 Gray, 290. *Furlong* v. *Leary,* 8 Cush. 409. *Howard* v. *Merriam,* 5 Cush. 563 Thayer never having made any entry upon the premises, and

never having been in possession, had only a naked right of entry, which right he could not convey to a third person so as to enable him to maintain this process. 1 Cruise Dig. (Greenl. ed.) tit. viii. c. 1, § 12. 4 Kent Com. (6th ed.) 447.

*G. Swan & C. A. Holbrook*, for the plaintiff.

Bigelow, C. J. A question has been made at the bar of this court, which does not appear to have been raised at the trial of this case in the court below. It is insisted that it does not appear that the defendant had notice of the lease under which the plaintiff claims possession of the premises in controversy. This is true. But it is also true that it does not appear that he had not received such notice; nor do the exceptions purport to state all the evidence which the plaintiff offered. This is not a case, therefore, where it is shown by the exceptions, or can be fairly inferred from them, that the defendant at the trial took the general objection, in the nature of a demurrer to the evidence, that all the facts proved in behalf of the plaintiff did not make out a *prima facie* case. On the contrary, we think it is apparent that the defendant relied only on a specific objection to the sufficiency of the evidence, and that the ruling of the court was limited to the single point thereby raised. The statement in the exceptions is, that the plaintiff did not prove that he or his immediate lessor " had ever made any entry upon or been in possession of the premises." This is the only omission to prove a fact which is set forth, and it is coupled with a prayer by the defendant for a ruling that " on this evidence the action could not be maintained;" which the court refused to grant. This, we think, indicates very clearly that the only point which was intended to be raised, and which was embraced in the ruling of the court, was that which was based on the failure of the plaintiff to prove the specific fact stated in the bill of exceptions. It is the settled rule of practice that when a case is brought into this court by exceptions, which set forth the objections taken in the court below, no point is open in this court which is not fairly embraced within the objections taken at the trial. This rule is especially applicable when, as in the case at bar, the point raised at the bar of this court is one which, if suggested in the court below

might have been fully met and obviated by evidence within the reach or control of the party against whom the objection was raised. *Wentworth* v. *Leonard*, 4 Cush. 414.

Upon the only question which seems to be presented by the exceptions we can entertain no doubt. It was not necessary for the plaintiff to prove any entry upon or possession of the premises, prior to the commencement of the action. There was no disseisin, ouster, or adverse possession of the estate by the defendant, which would prevent a valid grant or demise by the owner of the fee, or by any person rightfully claiming under him. The plaintiff was lessee under a sub-lease in writing from the lessee of the owner, from whom the defendant originally held the premises as tenant at will. The estate of the latter was terminated by the written lease from his landlord to Thayer. The defendant thereby became tenant by sufferance only, holding the estate without right after the determination of his tenancy at will. The plaintiff was clearly entitled to immediate possession under his sub-lease from Thayer, and the defendant was liable to the present action, under the express provision of Gen. Sts. *c.* 137, §§ 3, 5. *Exceptions overruled.*